IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI ANN LOWE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:2009-91 |
| ) | |
| v. ) | |
| ) | |
| CLEARFIELD-JEFFERSON DROP-IN ) | |
| CENTERS, INC., ) | JUDGE GIBSON |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's "Application for Default Judgment" (Document No. 7) and "Petition for Counsel Fees" (Document No. 14).

The Complaint (Document No. 1) in this matter was filed on April 3, 2009 and served upon the Defendant on April 28, 2009. *See* Document No. 4. After the Defendant's failure to answer, default was entered against the Defendant by the Clerk of Court on June 19, 2009. *See* Document No. 9. On August 14, 2009, the Court conducted a hearing upon damages in order to rule upon the Plaintiff's "Application for Default Judgment"(Document No. 7). At that hearing, the Court ordered briefing by the parties on the issue of attorney's fees. That briefing is now complete.

The Court possesses subject matter jurisdiction over this civil action pursuant 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Guiding the Court's power to enter an award of damages in this matter is the limitation set forth in 42 U.S.C. § 1981a which reads in pertinent part:

(B) Compensatory and punitive damages

    (1) Determination of punitive damages

    A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

    (2) Exclusions from compensatory damages

    Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)].

    (3) Limitations

    The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party--

    (A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000;

After testimony taken before this Court in the hearing of August 14, 2009 including the testimony of the Plaintiff, her treating physician's assistant and her mother, the Court awards damages for the Plaintiff in the amount of $5,000 for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses". 42 U.S.C. § 1981a. The Court does not award any punitive damages.

    In regard to attorney's fees, the Court finds the fees claimed by Plaintiff's counsel proper and the Plaintiff's counsel's presentation of his request proper as well. Courts in the Third Circuit follow the "community market rate rule" in determining the reasonableness of a claimed attorney's fee.

*Student Public Interest Research Group of New Jersey, Inc. v. AT&T Bell Laboratories*, 842 F.2d 1436, 1448 (3d Cir. 1988). It is the burden of the counsel seeking a fee to establish that his/her request is "reasonable". *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court "cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" *Rode* at 1183. (internal citation omitted).[1] The Court finds the hours claimed as reasonable. This matter proceeded to a default and then to a damages hearing for a default judgment. The Court finds that the time expended in this matter is reasonable particularly since the majority of the Attorney Kolman's time (13.9 or his 22 claimed hours) related to travel, preparation and conducting the damages hearing scheduled by this Court. The Defendant objects to the computation of hours, arguing it is a reconstruction and should be prohibited, Defendant's Brief (Document No. 17), but the Court cannot conclude that the document is necessarily a reconstruction because a date is out of sequence and work was done on a Saturday and a Sunday. Also reasonable is the hourly rate of $325 claimed in light of Attorney Kolman's fifteen years of experience in employment litigation and his overall experience in the law going back to his graduation from Glasgow University in 1976 with an L.L.B., earning a J.D. in 1987 from the University of Pennsylvania and being admitted to the bar of the Supreme Court of Pennsylvania in 1988. Attorney Kolman also operates his own firm. No objections were raised as to the appropriateness of the hours or fees claimed by Attorney Kolman's associate or paralegal. No reduction in the lodestar amount has been requested by the Defendant.

As for the requests for costs, the Court will approve the cost of filing the complaint in this Court

---

[1] Had it been objected to, the Plaintiff's counsel's hours billed for travel would have been reduced by half. *See Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 267-268 (3d Cir. 2002).

($350) and the costs for service of process and subpoenas will be permitted as service was conducted by a private server as permitted by Federal Rules of Civil Procedure 4 and 45 respectively ($149.50 in total). However, travel and lodging costs totaling $406.05 are not permitted by this Court. *See Hohensee v. Basalyga*, 50 F.R.D. 230, 232 (M.D.Pa. 1969). The Court will not allow the $6.20 postage expended by the Plaintiff in this matter as it is part of the overhead costs in counsel's practice of law and is found to be unrecoverable as it is unlisted in 28 U.S.C. § 1920.

**AND NOW** this 27th day of August, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Application for Default Judgment (Document No. 7) is GRANTED and the Clerk of Court shall enter judgment in separate document in favor of the Plaintiff and against the Defendant in the amount of $5,000.

**IT IS FURTHER ORDERED THAT** the Plaintiff's Petition for Counsel Fees (Document No. 14) is GRANTED as to attorneys' fees requested, GRANTED IN PART and DENIED IN PART as to costs requested and a separate order indicating the taxation of costs will be filed.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

4